UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| FORTUNE PRODUCTS, INC., | § | |
| Plaintiff, | § | CIVIL ACTION NO.: 1:09-CV-330-JN |
| | § | |
| | § | |
| VERSUS | § | JUDGE:  JAMES R. NOWLIN |
| | § | |
| MR. BAR-B-Q, INC., | § | |
| Defendant. | § | |

## DEFENDANT'S FIRST AMENDED ANSWER

Defendant, Mr. Bar-B-Q. Inc., hereby files this amended answer as a matter of course, and responds to Plaintiff's Petition ("Petition") as follows:

1. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1 of the Petition and, accordingly, denies same.

2. Defendant denies the allegations in Paragraph 2 of the Petition, except admits that Mr. Bar-B-Q, Inc. is a New York corporation with a principal place of business located at 445 Winding Road, Old Bethpage, NY 11804 and that Chefmaster is a brand and trademark of Mr. Bar-B-Q, Inc.

3. Defendant denies the allegations in Paragraph 3 of the Petition, except admits that this Court has subject matter jurisdiction over the matters in controversy.

4. The allegations in Paragraph 4 are questions of law and/or are not applicable to the action in this Court and do not require a response.  To the extent a response is required, Defendant denies such allegations.

5. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 5 of the Petition and, accordingly, denies same.

1

6.      Defendant lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 6 of the Petition and, accordingly, denies same.

7.      Defendant lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 7 of the Petition and, accordingly, denies same.

8.      Defendant lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 8 of the Petition and, accordingly, denies same.

9.      Defendant denies the allegations in Paragraph 9 of the Petition, except admits that Mr. Bar-B-Q, Inc. is an importer and distributor of barbecue accessories and tools and that Mr. Bar-B-Q, Inc. offers and sells, among other things, hand-held knife sharpeners utilizing the Chef Master trade name.

10.     Defendant denies the allegations in Paragraph 10 of the Petition, except admits that Mr. Bar-B-Q, Inc. distributes hand-held knife sharpeners through channels of commerce in the United States.

11.     Defendant denies the allegations in Paragraph 11 of the Petition, except admits that item numbers 90015GDCM and 90015SC correspond to knife sharpeners sold by Mr. Bar-B-Q, although Mr. Bar-B-Q denies selling such sharpeners over the Internet or through retail stores.

12.     Defendant admits the allegations in Paragraph 12 of the Petition.

13.     Defendant denies the allegations in Paragraph 13 of the Petition.

14.     Defendant denies the allegations in Paragraph 14 of the Petition.

15.     Defendant denies the allegations in Paragraph 15 of the Petition.

16.     Defendant denies the allegations in Paragraph 16 of the Petition.

17.     Defendant denies the allegations in Paragraph 17 of the Petition.

## CAUSES OF ACTION

### I. TRADE DRESS INFRINGEMENT

18.     In response to the allegation Defendant repeats and re-asserts its responses set forth in paragraphs 1 through 17 above, which are incorporated herein in their entireties.

19.     Defendant denies the allegations in Paragraph 19 of the Petition.

20.     Defendant denies the allegations in Paragraph 20 of the Petition.

21.     Defendant denies the allegations in Paragraph 21 of the Petition.

### II.  UNFAIR COMPETITION UNDER TEXAS LAW

22.     In response to the allegation Defendant repeats and re-asserts its responses set forth in paragraphs 1 through 21 above, which are incorporated herein in their entireties.

23.     Defendant denies the allegations in Paragraph 23 of the Petition.

24.     Defendant denies the allegations in Paragraph 24 of the Petition.

25.     Defendant denies the allegations in Paragraph 25 of the Petition.

### III.  TRADE DRESS DILUTION UNDER TEX. BUS. & COM. CODE § 16.29

26.     In response to the allegation Defendant repeats and re-asserts its responses set forth in paragraphs 1 through 25 above, which are incorporated herein in their entireties.

27.     Defendant denies the allegations in Paragraph 27 of the Petition.

28.     Defendant denies the allegations in Paragraph 28 of the Petition.

29.     Defendant denies the allegations in Paragraph 29 of the Petition.

### IV.  TORTIOUS INTERFERENCE WITH CONTRACT

30.     In response to the allegation Defendant repeats and re-asserts its responses set forth in paragraphs 1 through 29 above, which are incorporated herein in their entireties.

31.     Defendant denies the allegations in Paragraph 31 of the Petition.

32. Defendant denies the allegations in Paragraph 32 of the Petition.

33. Defendant denies the allegations in Paragraph 33 of the Petition.

34. Defendant denies the allegations in Paragraph 34 of the Petition.

## V.  TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONSHIPS

35. In response to the allegation Defendant repeats and re-asserts its responses set forth in paragraphs 1 through 34 above, which are incorporated herein in their entireties.

36. Defendant denies the allegations in Paragraph 36 of the Petition.

37. Defendant denies the allegations in Paragraph 37 of the Petition.

38. Defendant denies the allegations in Paragraph 38 of the Petition.

39. Defendant denies the allegations in Paragraph 39 of the Petition.

## VI.  MISAPPROPRIATION OF TIME, LABOR, SKILL AND MONEY

40. In response to the allegation Defendant repeats and re-asserts its responses set forth in paragraphs 1 through 39 above, which are incorporated herein in their entireties.

41. Defendant denies the allegations in Paragraph 41 of the Petition.

42. Defendant denies the allegations in Paragraph 42 of the Petition.

43. Defendant denies the allegations in Paragraph 43 of the Petition.

44. Defendant denies the allegations in Paragraph 44 of the Petition.

### JURY DEMAND

45. Defendant denies the allegations in Paragraph 45 of the Petition, except admits that Plaintiff demands a trial by jury.

### PRAYER

46. Defendant denies that Plaintiff is entitled to any of the relief requested in Plaintiff's "PRAYER" for relief.

47.     Defendant denies all allegations contained in the Petition unless expressly admitted in paragraphs 1 – 46 above.

## AFFIRMATIVE DEFENSES

48.     Plaintiff is not entitled to the relief it seeks because Plaintiff's design trade dress cannot, as a matter of law, be inherently distinctive, and it has not acquired secondary meaning.

49.     Plaintiff is not entitled to the relief it seeks because Plaintiff's alleged trade dress is functional.

50.     The ornamental appearance of Defendant's CHEFMASTER knife sharpener was deemed patentable over the configuration of Plaintiff's sharpener by the United States Patent and Trademark Office, and Defendant was awarded U.S. Design Patent No. D551,531 covering the appearance of its CHEFMASTER knife sharpener.

51.     Pursuant to 28 U.S.C. § 1404, venue is inconvenient and transfer to a convenient forum should occur.

**WHEREFORE**, Defendant Mr. Bar-B-Q, Inc., respectfully requests that this Court issue a final judgment which:

- A. finds that Defendant Mr. Bar-B-Q, Inc. is not liable to Plaintiff in any way or capacity;
- B. dismisses, with prejudice, all claims asserted against Defendant Mr. Bar-B-Q, Inc. by Plaintiff in this case;
- C. awards Defendant Mr. Bar-B-Q, Inc. damages (including exemplary damages), and all of the court costs, attorneys' fees and related expenses it has incurred in connection with this case; and
- E. grants Defendant Mr. Bar-B-Q, Inc. all other relief to which it may be justly entitled.

|  |  |
|---|---|
|  | Conley Rose, P.C. |
| Dated: May 6, 2009 | _____ |
|  | Jonathan M. Pierce, Esq.<br>TX Bar No. 24027744<br>Conley Rose, P.C.<br>600 Travis Street, 71st Floor<br>Houston, Texas 77002<br>713.238.8000 (general line)<br>713.238.8008 (fax)<br>jpierce@conleyrose.com |
|  | Mark A. Scott, Esq.<br>TX Bar N. 24013476<br>Conley Rose, PC<br>2508 Ashley Worth Blvd, Suite 200<br>Austin, TX  78738<br>512.610.3410 (general line)<br>512.610.3456 (fax)<br>mscott@conleyrose.com<br>***COUNSEL FOR DEFENDANT*** |

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing **DEFENDANT'S FIRST AMENDED ANSWER** was served on the 6th day of May, 2009 on the following via first class mail and via email, properly address and postage prepaid as follows:

| | |
|---|---|
| J. Allan Garrett | *Via Email:* agarrett@hlattorneys.com |
| Hutto & Lucksinger, L.L.P. | |
| 100 Avenue H, Suite 103 | |
| Marble Falls, Texas 78654 | |

| | |
|---|---|
| John S. Egbert | *Via Email:* mail@egbertlawoffices.com |
| L. Jeremy Craft | *Via Email:* jcraft@egbertlawoffices.com |
| Paul S. Beik | *Via Email:* pbeik@egbertlawoffices.com |
| Egbert Law Offices, P.L.L.C. | |
| 412 Main Street, 7th Floor | |
| Houston, Texas 77002 | |

**ATTORNEYS FOR PLAINTIFF,**
**Fortune Products, Inc.**

_____
**Jonathan Pierce**